AO 93C (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means    ☐ Original   ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| In the Matter of the Search of ) <br> The person of Chuck Leroy Aasa ("AASA"), ) <br> as described more fully in Attachment A-1 ) <br> ) <br> ) <br> ) | Case No. 2:22-MJ-3967 <br> **AMENDED** |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Central District of California *(identify the person or describe the property to be searched and give its location)*:

*See Attachment A-1*

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

*See Attachment B*

Such affidavit(s) or testimony are incorporated herein by reference and attached hereto.

**YOU ARE COMMANDED** to execute this warrant on or before <u>14 days from the date of its issuance</u> *(not to exceed 14 days)*

☒ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>the U.S. Magistrate Judge on duty at the time of the return through a filing with the Clerk's Office.</u>

☐ Pursuant to <u>18 U.S.C. § 3103a(b)</u>, I find that immediate notification may have an adverse result listed in <u>18 U.S.C. § 2705</u> (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for ____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____

Date and time issued:   October 12, 2022  2:18 p.m.            _____
                                                                                                           *Judge's signature*

City and state:   Los Angeles, CA                              Alicia G. Rosenberg, U.S. Magistrate Judge
                                                                                                      *Printed name and title*

AUSA: Jeffrey Chemerinsky (x16520)

# Return

| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|
| 2:22-MJ-3967 | 10-12-22 AT 17:00 HRS | CHUCK LEROY AASA |

Inventory made in the presence of:
CHUCK LEROY AASA AND PRISCILLA KARAY PETERSEN

Inventory of the property taken and name of any person(s) seized:

PERSON SEIZED: CHUCK LEROY AASA

PROPERTY TAKEN: NONE FROM HIS PERSON.

PROPERTY TAKEN FROM CHEVY EL CAMINO BELONGING TO AASA:

1. FIREARM - TAURUS JUDGE SERIAL #FR594979
2. LIVE AMMO. COLT 45
3. MAGAZINE   P-MAG 30 ROUND CAP.
4. LIVE AMMO  .410 SHOTGUN SHELL
5. LIVE AMMO  .223 CAL. WITH GRN TIP.
6. LIVE AMMO  .45 CAL 14.23 LBS.

THE CHEVY EL CAMINO VEHICLE WAS SEARCHED WITH AASA'S CONSENT, SIGNED AND RECORDED.

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 10-13-2022

*Executing officer's signature*

ALBERT SHINFELD - HSI TFO
*Printed name and title*

i

**ATTACHMENT A-1**

THE FOLLOWING PERSON:

THE PERSON known as Chuck Leroy AASA (moniker "ACE"), is described as a Male, Pacific Islander, approximately 34 years of age (date of birth: August 23rd, 1988), approximately 5 feet 9 inches tall, weighing approximately 230 pounds, black hair, brown eyes, California Driver's License Number F5744382, CII#A34176837.

i

**ATTACHMENT B**

I. **ITEMS TO BE SEIZED**

1.   The items to be seized are evidence, contraband, fruits, or instrumentalities of violations of 18 U.S.C. §§ 922(j) (unlawful possession or sale of any stolen firearm), 18 U.S.C. §§ 922(a)(1)(A) (dealing in firearms without a license), 18 U.S.C. §§ 922(o) (unlawful possession of a machinegun), and 18 U.S.C. §§ 371 (conspiracy) (collectively, the "Subject Offenses"), namely:

   a.   Firearms and ammunition;

   b.   Firearms parts and accessories to include smokeless powder;

   c.   Evidence of illegal firearms sales;

   d.   Evidence of firearms sales, including dealer's record of sales documents;

   e.   Evidence of financial transactions derived from the illegal sales of firearms;

   f.   Buyer lists, seller lists, and recordation of sales documents;

   g.   United States currency over $1,000 or bearer instruments worth over $1,000 (including cashier's checks, traveler's checks, certificates of deposit, stock certificates, and bonds) (including the first $1,000), and data, records, documents, or information (including electronic mail, messages over applications and social media, and photographs) pertaining to, obtaining, possessing, using, applications for, or

transferring money over $1,000, such as bank account records, cryptocurrency records and accounts;

AGR       h. Documents and records, in print ~~of~~ or digital format, reflecting the identity of, contact information for, communications with, or times, dates or locations of meetings with co-conspirators, sources of supply of firearms, or firearms customers, including calendars, address books, telephone or other contact lists, pay/owe records, distribution or customer lists, correspondence, receipts, records, and documents noting price, quantities, and/or times when firearms or ammunition were bought, sold, or otherwise distributed, whether contained in hard copy correspondence, notes, emails, text messages, photographs, videos (including items stored on digital devices), or otherwise;

AGR       i. Documents, in print ~~of~~ or digital format, of money transfers, digital payments to include cryptocurrency, and

AGR wire transfers to or from firearms, buyers and brokers;

      j. Records, documents, programs, applications and materials, or evidence of the absence of same, sufficient to show call log information, including all telephone numbers dialed from any of the digital devices and all telephone numbers accessed through any push-to-talk functions, as well as all received or missed incoming calls;

      k. Records, documents, programs, applications or materials, or evidence of the absence of same, sufficient to show SMS text, email communications or other text or written

communications sent to or received from any of the digital devices and which relate to the above-named violations;

  l. Records, documents, programs, applications or materials, or evidence of the absence of same, sufficient to show instant and social media messages (such as Facebook, Facebook Messenger, Snapchat, FaceTime, Skype, and WhatsApp), SMS text, email communications, or other text or written communications sent to or received from any digital device and which relate to the above-named violations;

  m. Audio recordings, pictures, video recordings, or still captured images related to the purchase, sale, transportation, or distribution of firearms or ammunition;

  n. Contents of any calendar or date book;

  o. Global Positioning System ("GPS") coordinates and other information or records identifying travel routes, destinations, origination points, and other locations; and

  p. Any digital device which is itself or which contains evidence, contraband, fruits, or instrumentalities of the Subject Offenses, and forensic copies thereof.

  q. With respect to any digital device containing evidence falling within the scope of the foregoing categories of items to be seized:

    i. evidence of who used, owned, or controlled the device at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents,

browsing history, user profiles, e-mail, e-mail contacts, chat and instant messaging logs, photographs, and correspondence;

　　　　　　　ii.　evidence of the presence or absence of software that would allow others to control the device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

　　　　　　　iii. evidence of the attachment of other devices;

　　　　　　　iv.　evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the device;

　　　　　　　v.　evidence of the times the device was used;

　　　　　　　vi.　passwords, encryption keys, biometric keys, and other access devices that may be necessary to access the device;

　　　　　　　vii. applications, utility programs, compilers, interpreters, or other software, as well as documentation and manuals, that may be necessary to access the device or to conduct a forensic examination of it;

　　　　　　　viii.　records of or information about Internet Protocol addresses used by the device;

　　　　　　　ix.　records of or information about the device's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

2. As used herein, the terms "records," "documents," "programs," "applications," and "materials" include records, documents, programs, applications, and materials created, modified, or stored in any form, including in digital form on any digital device and any forensic copies thereof.

3. As used herein, the term "digital device" includes any electronic system or device capable of storing or processing data in digital form, including central processing units; desktop, laptop, notebook, and tablet computers; personal digital assistants; wireless communication devices, such as telephone paging devices, beepers, mobile telephones, and smart phones; digital cameras; gaming consoles (including Sony PlayStations and Microsoft Xboxes); peripheral input/output devices, such as keyboards, printers, scanners, plotters, monitors, and drives intended for removable media; related communications devices, such as modems, routers, cables, and connections; storage media, such as hard disk drives, floppy disks, memory cards, optical disks, and magnetic tapes used to store digital data (excluding analog tapes such as VHS); and security devices.

## II. **<u>SEARCH PROCEDURE FOR DIGITAL DEVICE(S)</u>**

4. In searching digital devices (or forensic copies thereof), law enforcement personnel executing this search warrant will employ the following procedure:

   a. Law enforcement personnel or other individuals assisting law enforcement personnel (the "search team") will, in their discretion, either search the digital device(s) on-site or

seize and transport the device(s) and/or forensic image(s) thereof to an appropriate law enforcement laboratory or similar facility to be searched at that location. The search team shall complete the search as soon as is practicable but not to exceed 120 days from the date of execution of the warrant. The government will not search the digital device(s) and/or forensic image(s) thereof beyond this 120-day period without obtaining an extension of time order from the Court.

    b. The search team will conduct the search only by using search protocols specifically chosen to identify only the specific items to be seized under this warrant.

      i. The search team may subject all of the data contained in each digital device capable of containing any of the items to be seized to the search protocols to determine whether the device and any data thereon falls within the list of items to be seized. The search team may also search for and attempt to recover deleted, "hidden," or encrypted data to determine, pursuant to the search protocols, whether the data falls within the list of items to be seized.

      ii. The search team may use tools to exclude normal operating system files and standard third-party software that do not need to be searched.

      iii. The search team may use forensic examination and searching tools, such as "EnCase" and "FTK" (Forensic Tool Kit), which tools may use hashing and other sophisticated techniques.

    c. The search team will not seize contraband or

evidence relating to other crimes outside the scope of the items to be seized without first obtaining a further warrant to search for and seize such contraband or evidence.

   d. If the search determines that a digital device does not contain any data falling within the list of items to be seized, the government will, as soon as is practicable, return the device and delete or destroy all forensic copies thereof.

   e. If the search determines that a digital device does contain data falling within the list of items to be seized, the government may make and retain copies of such data and may access such data at any time.

   f. If the search determines that a digital device is (1) itself an item to be seized and/or (2) contains data falling within the list of other items to be seized, the government may retain the digital device and any forensic copies of the digital device, but may not access data falling outside the scope of the other items to be seized (after the time for searching the device has expired) absent further court order.

   g. The government may also retain a digital device if the government, prior to the end of the search period, obtains an order from the Court authorizing retention of the device (or while an application for such an order is pending), including in circumstances where the government has not been able to fully search a device because the device or files contained therein is/are encrypted.

   h. After the completion of the search of the digital devices, the government shall not access digital data falling

outside the scope of the items to be seized absent further order of the Court.

5. In order to search for data capable of being read or interpreted by a digital device, law enforcement personnel are authorized to seize the following items:

    a. Any digital device capable of being used to commit, further, or store evidence of the offense(s) listed above;

    b. Any equipment used to facilitate the transmission, creation, display, encoding, or storage of digital data;

    c. Any magnetic, electronic, or optical storage device capable of storing digital data;

    d. Any documentation, operating logs, or reference manuals regarding the operation of the digital device or software used in the digital device;

    e. Any applications, utility programs, compilers, interpreters, or other software used to facilitate direct or indirect communication with the digital device;

    f. Any physical keys, encryption devices, dongles, or similar physical items that are necessary to gain access to the digital device or data stored on the digital device; and

    g. Any passwords, password files, biometric keys, test keys, encryption codes, or other information necessary to access the digital device or data stored on the digital device.

6. The review of the electronic data obtained pursuant to this warrant may be conducted by any government personnel

assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the investigating agency may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

7. During the execution of this search warrant, law enforcement is permitted to: (1) depress AASA's thumb and/or fingers onto the fingerprint sensor of the device (only when the device has such a sensor), and direct which specific finger(s) and/or thumb(s) shall be depressed; and (2) hold the device in front of AASA's face with his or her eyes open to activate the facial-, iris-, or retina-recognition feature, in order to gain access to the contents of any such device. ~~In depressing a person's thumb or finger onto a device and in holding a device in front of a person's face, law enforcement may not use excessive force, as defined in Graham v. Connor, 490 U.S. 386 (1989); specifically, law enforcement may use no more than objectively reasonable force in light of the facts and circumstances confronting them.~~ This warrant does not authorize the use of force to overcome AASA's physical resistance.

AGR

8. The special procedures relating to digital devices found in this warrant govern only the search of digital devices pursuant to the authority conferred by this warrant and do not apply to any search of digital devices pursuant to any other court order.